UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DONALD RAY LUCAS**                                                                       **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:08CV-P310-H**

**ARAMARK CORRECTIONS FOOD SERVICE** *et al.*                         **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Donald Ray Lucas's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Plaintiff is an inmate at the Kentucky State Penitentiary. He brings suit under 42 U.S.C. § 1983 for damages and injunctive relief against Aramark Corrections Food Service and the Kentucky Department of Corrections. He alleges Eighth Amendment violations due to inadequacies in the quality, quantity, and preparation of food by Aramark during his confinement at the Kentucky State Reformatory and in all of the "kitchens in KY Dept Corrections" and further complains of unsanitary conditions in the dining hall and kitchen.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Upon review, the Court will dismiss the claims against the Kentucky Department of Corrections (KDOC) for two reasons.  First, a state and its agencies[1] are not "persons" subject to suit under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Second, all claims (damages and equitable relief) against the KDOC are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978).  In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)).

The Court will allow the Eighth Amendment claims against Aramark Corrections Food Service[2] to proceed beyond initial review.

---

[1]The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky.  Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

[2]The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'"  *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).  Aramark has apparently contracted with the State to provide food services to the inmates, and the Court presumes, for the purposes of initial review only, that Aramark in its provision of food services is a state actor.

   The Court will enter Orders in conformity herewith.

Date:

cc: Plaintiff, *pro se*
  Defendants
  General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.005